IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM C. FLOYD JR., | ) | 8:13CV195 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Copies (filing no. 38), and Petitioner's Motion to Compel, which the court liberally construes as another Motion for Copies (filing no. 37). Petitioner does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also* Haymes v. Smith, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Petitioner requires copies of court documents, he should contact the clerk's office to determine the proper method for requesting and paying for copies.

Petitioner also seems to be concerned that the state court records filed on February 24, 2014, are not sufficient. (*See* Filing No. 38.) However, Petitioner received a copy of those records. (*See* Filing No. 31 at CM/ECF p. 2.) If he believes that the records before the court are insufficient, he may file a motion requesting additional documents. However, such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims. Petitioner should be mindful to inspect his copy of the records currently filed with the court before making such a motion.

Also pending is Petitioner's Motion to Appoint Counsel. (Filing No. 34.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, the court finds that there is no need for the appointment of counsel.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Copies (filing no. 38), and Petitioner's Motion to Compel, which the court liberally construes as another Motion for Copies (filing no. 37), are denied. The clerk's office is directed to send Petitioner a copy of the docket sheet in this case.

2. Petitioner's Motion to Appoint Counsel (filing no. 34) is denied.

DATED this 25th day of March, 2014.

BY THE COURT:

s/ Joseph F. Bataillon  
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.