IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM C. FLOYD JR., | ) | 8:13CV195 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Plaintiff's Motion seeking leave to amend his petition for writ of habeas corpus to add a claim of actual innocence. (*See* Filing No. 49.) Nebraska Civil Rule 15.1 states that, in pro se cases, the court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b). Upon careful consideration,

    IT IS ORDERED that:

    1.    Petitioner's Motion (Filing No. 49) is granted. The court will consider Filing Number 49 as supplemental to the original petition for writ of habeas corpus in accordance with NECivR 15.1(b).

    2.    Respondent will have 30 days from the date of this Memorandum and Order to file and serve a brief in response to Petitioner's actual-innocence claim. See *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932-33 (2013) (holding plea of actual innocence can overcome Antiterrorism and Effective Death Penalty Act's one-year statute of limitations for filing habeas petitions); *see also Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) ("The fundamental miscarriage of justice, or actual innocence, exception to the procedural default doctrine enables a federal habeas court to consider the merits of a defaulted claim when the petitioner makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the

conviction of one who is actually innocent.' *Schlup v. Delo*, 513 U.S. 298 [] (1995)").

3. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a reply brief.

4. The clerk's office is directed to set a pro se case management deadline in this case using the following text: July 14, 2014: check for responses from parties.

5. Petitioner's Objection to the court's Memorandum and Order dated April 23, 2014, is overruled. (Filing No. 48.) As explained in that order, Respondent has filed nearly 5,000 pages of state court records in this matter. If, upon review of these records, the court determines that additional records are needed based on Petitioner's claims for relief, the court will order Respondent to provide them.

DATED this 16th day of May, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.