IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM C. FLOYD JR., | ) | 8:13CV195 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on its own motion. On May 16, 2014, the court ordered Respondent to file and serve a brief in response to Petitioner's actual-innocence claim within 30 days. (*See* Filing No. 50 at CM/ECF p. 1.) Respondent failed to do so. Accordingly,

IT IS THEREFORE ORDERED that:

1. By July 10, 2014, Respondent shall show good cause or excusable neglect for his failure to once again comply with this court's orders. (*See* Memorandum and Order dated January 27, 2014, ordering Respondent to show good cause or excusable neglect for failure to comply with court's orders.) Failure to do so may result in sanctions.

2. Also by July 10, 2014, as previously ordered, Respondent shall file and serve a brief in response to Petitioner's actual-innocence claim, which Petitioner raised in Filing Number 49. See *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932-33 (2013) (holding plea of actual innocence can overcome Antiterrorism and Effective Death Penalty Act's one-year statute of limitations for filing habeas petitions); *see also Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) ("The fundamental miscarriage of justice, or actual innocence, exception to the procedural default doctrine enables a federal habeas court to consider the merits of a defaulted claim

when the petitioner makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' *Schlup v. Delo*, 513 U.S. 298 [] (1995)").

3. As set forth in the court's Text Order dated May 28, 2014, no later than 60 days following the filing of Respondent's brief, Petitioner shall file and serve a reply brief that addresses the matters set forth by Respondent in his Brief dated March 3, 2014, and also the matters set forth in the brief Respondent will serve in response to Petitioner's actual-innocence claim.

4. The clerk's office is directed to set a pro se case management deadline in this matter: July 10, 2014: Deadline for Respondent to show good cause and file brief.

DATED this 26th day of June, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.