# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. FLOYD JR., <br><br> Petitioner, <br><br> vs. <br><br> SCOTT FRAKES, Director of the Nebraska Department of Correctional Services; and BRAD HANSEN, Warden Tecumseh State Correctional Institution; <br><br> Respondents. | **8:13CV195** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner's Objection to Memorandum and Order 136. (Filing No. 137.) Petitioner objects to the court's Memorandum and Order dated November 9, 2017, (Filing No. 136) which granted Petitioner's previous Objection Motion (Filing No. 135) to add additional claims of ineffective assistance of trial and appellate counsel contained within Petitioner's Motion to Amend (Filing No. 131) filed on October 6, 2017.

Petitioner claims that there are claims within the Motion to Amend that the court failed to include when granting his previous Objection Motion. Specifically, Petitioner claims:

> That the claims of Trial counsel was ineffective for failing to object to states theory of transfer Intent and jury instruction of transferred Intent Number 6 (T.44) (33); Trial counsel was ineffective for failing to object to trial court when trial court gave errousness [sic] jury instructions of transferred Intent when the State had insufficient evidence to support transferred intent theory; (34); and Trial counsel was ineffective for failing to call an expert witness on seeing (35) were not included in the Court's Memorandum and order filing no. 136.

(Filing No. 137 at CM/ECF pp.1–2.)

In granting Petitioner's previous Objection Motion (Filing No. 135), the court specifically stated that it was allowing the additional claims that Petitioner "had not previously raised." (Filing No. 136 at CM/ECF p.1.) In doing so, the court determined that the three claims identified above were already included in the condensed and summarized statement of Petitioner's Claims. For the sake of clarity, Claim One, subpart 33, which deals with trial counsel's failure to object to erroneous jury instructions, includes Petitioner's claims that trial counsel was ineffective for (1) failing to object to the state's theory of transferred intent and jury instruction of transferred intent and (2) failing to object when the trial court gave erroneous jury instructions of transferred intent when there was insufficient evidence to support such theory. Claim One, subpart 4, which addresses trial counsel's failure to properly investigate the crime scene and the police investigation in order to effectively impeach Shantelle Vickers' testimony, includes Petitioner's claim that trial counsel was ineffective for failing to call an expert witness on "seeing."[1]

Accordingly, Petitioner's Objection (Filing No. 137) is denied as the claims Petitioner seeks to add are already included within the statement of Claims set forth in the court's November 9, 2017 Memorandum and Order (Filing No. 136).[2]

---

[1] The court assumes that Petitioner's reference to an "expert witness on seeing" deals with his allegations regarding the Omaha Police Department investigation of Shantelle Vickers' ability to see the shooter as she reported. (Filing No. 127 at CM/ECF pp.20–21, 36; Filing No. 131 at CM/ECF p.4.) To the extent that the "expert witness on seeing" relates to Petitioner's eyesight and need to wear glasses, such claim would be included in Claim One, subpart 7, which addresses trial counsel's failure to investigate Petitioner's unusual gait and eyesight.

[2] In his Objection, Petitioner also includes allegations of newly discovered evidence concerning 911 calls but does not request any relief specific to this new information. (Filing No. 137 at CM/ECF pp.2–6.) To the extent Petitioner intends to use such information as the basis for additional claims, the court reminds Petitioner that it will not entertain any further amendments

IT IS THEREFORE ORDERED that: Petitioner's Objection ([Filing No. 137](#)) is denied.

Dated this 1st day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

absent exceptional circumstances. Based on the information presented, the court is not convinced the alleged newly discovered 911 call information would warrant amendment.