IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. FLOYDJR., | |
| Petitioner, | 8:13CV195 |
| vs. | |
| SCOTT FRAKES, Director of the Nebraska Department of Correctional Services; and BRAD HANSEN, Warden Tecumseh State Correctional Institution; | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the court on Petitioner's Motion for Leave to File a Third Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Filing No. 141.) Petitioner alleges that he has newly discovered evidence of an additional 911 call (hereinafter "first 911 call") made by Shantelle Vickers on October 7, 2003, of which Petitioner became aware after submitting a request for information from the Douglas County 911 Department on or about September 22, 2017. (*Id*. at CM/ECF pp.1–2, 11.) Petitioner claims this information creates a reasonable probability that Shantelle Vickers was not at the scene of the crime during the time of the shooting. Petitioner seeks the court's leave to file a third amended habeas petition in light of this new information.

Liberally construed, Petitioner seeks to add the following claims based on this newly discovered evidence:

1. Petitioner was denied the constitutional right to a fair trial because the prosecution committed prosecutorial misconduct for withholding the first 911 phone call in violation of Brady. (*Id*. at CM/ECF pp.3–4.)

2. Petitioner was denied effective assistance of counsel because trial counsel failed to subpoena the 911 dispatcher whose testimony would have impeached the testimony of Shantelle Vickers. (*Id*. at CM/ECF pp.4–7.)

3. Petitioner was denied effective assistance of counsel because trial counsel failed to subject the state's case to meaningful adversarial testing due to counsel's failure to thoroughly investigate the 911 calls and police report of October 7, 2003. (*Id*. at CM/ECF pp.7–9.)

4. Petitioner was denied the constitutional right to a fair trial because the prosecution committed prosecutorial misconduct by using false, perjured testimony and manufactured evidence. (*Id*. at CM/ECF p.9.)

Amendments of habeas petitions are permitted in accordance with the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242; Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner's request falls within the purview of Federal Rule of Civil Procedure 15(a)(2) which provides that a party may amend its pleading only with the court's leave which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision to grant or deny a motion to amend is within the discretion of the District Court." *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999).

Upon careful consideration of Petitioner's motion and the court's records, the court will deny Petitioner's request to amend his habeas petition. This matter has been pending for over four years, and the court has advised Petitioner that further amendments will not be entertained absent exceptional circumstances. (See Filing No. 136; Filing No. 138.) Petitioner presents no explanation as to why he waited nearly six months after the court ordered him to file an amended petition which included all his claims (Filing No. 122) to inquire into the 911 records from the date of the crime. Indeed, Petitioner admits that he realized in 2007, after receiving the discovery from both of his trials, that "discovery was not completed." (Filing No. 141 at CM/ECF p.3.) Yet, Petitioner waited approximately ten years

before taking any steps to ascertain what, if any, discovery had not been completed. Petitioner had plenty of opportunity to investigate and assert these claims earlier and the court will not delay this proceeding further in light of Petitioner's complete lack of diligence.

Moreover, the claims Petitioner seeks to assert based on this alleged previously undisclosed 911 call are either embodied in or duplicative of other claims already included in the condensed and summarized statement of Petitioner's Claims. (*See* Filing No. 136 at CM/ECF pp.2–3, 6, at Claim One, subsections (4), (9), and (10), and Claim Three, subsections (4) and (6).) Thus, the court concludes that Petitioner has failed to show exceptional circumstances warranting amendment of his habeas petition for a third time. Accordingly,

IT IS ORDERED THAT: Petitioner's Motion for Leave to File a Third Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Filing No. 141) is denied.

Dated this 6th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge