IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. FLOYD JR., <br><br> Petitioner, <br><br> vs. <br><br> SCOTT FRAKES, Director of the Nebraska Department of Correctional Services; and BRAD HANSEN, Warden Tecumseh State Correctional Institution; <br><br> Respondents. | 8:13CV195 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner's Objection to Memorandum and Order 142. (Filing No. 145.) Petitioner objects to the court's Memorandum and Order dated February 6, 2018, (Filing No. 142) which denied Petitioner's Motion for Leave to File a Third Amended Habeas Petition (Filing No. 141).

Liberally construed, Petitioner objects to the court's denial of his motion to amend his habeas petition to add claims of ineffective assistance of counsel based on trial counsel's alleged failure to thoroughly investigate the 911 calls of October 7, 2003, and to subpoena the 911 dispatcher whose testimony would have impeached the testimony of Shantelle Vickers. (Filing No. 145 at CM/ECF p.7.) Petitioner claims that his ability to present all of his claims and prepare "meaningful petitions" has been impeded by the inadequate law library at Tecumseh State Correctional Institution ("TSCI"), his previously court-appointed attorneys' failure to investigate, collect, and turn all discovery over to Petitioner, as well as the State's failure to provide all discovery to him. (*Id.* at CM/ECF pp.1–5.) Petitioner also "believes that this Court is being bias[ed] towards Petitioner" by holding him to "the same competency level as a skilled and [trained] attorney in the law." (*Id.* at CM/ECF pp.3–4.)

The court has considered Petitioner's arguments and the materials attached to his objection and in the record and concludes that his objection should be denied. First, with respect to Petitioner's belief that the court is unfairly biased towards him, the court is treating Petitioner as it treats all pro se litigants. Petitioner is "not excused from complying with court orders or substantive and procedural law" simply because he is proceeding pro se. *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988).

Secondly, Petitioner's claims and evidence regarding the inadequacy of the TSCI law library fail to establish that Petitioner was denied access to the courts or was impeded in presenting all of his claims for relief. Petitioner avers that, at least at some point in time, he was a prison law library legal aide. (*Id.* at CM/ECF p.10.) Thus, the fact that legal aides were not allowed to assist Petitioner in preparing his legal documents would not be an impediment as Petitioner would possess the same legal research knowledge as the legal aides. Also, Petitioner's approximately three hundred pages of grievances and inmate interviews relating to the inadequacy of the law library are dated 2014 and earlier. There's no suggestion that Petitioner was hindered in his access to the law library in 2017 during the time when this court ordered him to file an Amended Petition that clearly presents all of his claims for relief and when Petitioner filed three separate objections to the court's statement of Petitioner's habeas claims. (*See* Filing Nos. 122, 129, 135, 137.)

With respect to Petitioner's arguments regarding his difficulties in obtaining discovery and investigating his claims, an examination of the record reveals that any alleged withholding of information from Petitioner does not explain his lack of diligence in investigating the 911 calls at issue here. Petitioner had the transcript of a 911 call made for the homicide of Destiny Davis at the time of his state postconviction proceedings. (Filing No. 31-3 at CM/ECF pp.61–71.) Thus, the factual basis for his claim regarding his counsel's failure to subpoena the dispatcher to impeach Shantelle Vickers' testimony was known to him well before he filed his original habeas petition. Moreover, an examination of the record and

the materials provided by Petitioner regarding the "newly discovered evidence" of an additional 911 call (hereinafter "first 911 call") strongly suggests that the first 911 call, which takes place a mere nine seconds before the "second 911 call," involved the initial 911 operator and the second 911 call occurred when the 911 operator connected Shantelle Vickers to "Rescue," both of which are reflected in the transcript. (*Id*.; *see also* Filing No. 141 at CM/ECF pp.11–13.)

Based on the foregoing and for the reasons stated in the court's February 6, 2018 Memorandum and Order (Filing No. 142), Petitioner's objection to the court's denial of his motion to amend his habeas petition to add additional claims regarding the 911 calls of October 7, 2003, is denied.

IT IS THEREFORE ORDERED that: Petitioner's Objection (Filing No. 145) is denied.

Dated this 8th day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge