IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. FLOYD JR., | |
| Petitioner, | 8:13CV195 |
| vs. | |
| SCOTT FRAKES, Director of the Nebraska Department of Correctional Services; and BRAD HANSEN, Warden Tecumseh State Correctional Institution; | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the court on Petitioner William C. Floyd Jr.'s ("Floyd") Motion for Stay and Abeyance (Filing No. 147), Motion to Compel (Filing No. 148), and Motion for Extension of Time (Filing No. 149). The court will deny Floyd's motion for a stay and motion to compel, but will grant his motion for an extension of time.

## I. MOTION FOR STAY AND ABEYANCE

Floyd requests that the court enter a stay and abeyance of these habeas proceedings so that he may return to state court to exhaust his claims. A stay and abeyance of a federal habeas corpus petition is only appropriate in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court may order a stay and abeyance only when there is good cause for the petitioner's failure to exhaust his claims in state court, the claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277–278.

Upon review of the record and consideration of Floyd's arguments, the court finds Floyd has not demonstrated good cause for his failure to exhaust his claims in state court for reasons including those set forth in the court's orders denying Floyd's motion to file a third amended habeas petition and his objection to that denial. (*See* Filing No. 142; Filing No. 146.) Additionally, under Nebraska law, Floyd may not now return to state court in order to present these claims. *See State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003) ("An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. Additionally, the Nebraska Postconviction Act states in part: 'The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner.'") (internal citations omitted). Therefore, his claims are likely procedurally defaulted, not merely unexhausted. Accordingly, Floyd's motion for a stay is denied.

## II. MOTION TO COMPEL

Floyd asks this court to compel the Douglas County Attorney to provide transcripts of a 911 call and certain cell phone records from October 7, 2003. Floyd argues that he became aware of an additional 911 call that was not turned over to his trial counsel, but the Douglas County Attorney Don Kleine refuses to respond to his November 1, 2017 letter requesting the transcript. As set forth below, Floyd's motion to compel will be denied.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Williams v. Steele*, 2013 WL 5838727, at *2 (E.D. Mo. Oct. 30, 2013) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the

extent of discovery." The progression order issued by this court on August 7, 2017, clearly states that no discovery shall be undertaken without leave of the court. (Filing No. 128 at CM/ECF p.9.) The court has not granted Floyd leave to conduct discovery and, in any case, Floyd has not demonstrated good cause for the discovery he seeks, again, for reasons including those set forth in the court's orders denying Floyd's motion to file a third amended habeas petition and his objection to that denial. (*See* Filing No. 142; Filing No. 146.)

### III. MOTION FOR EXTENSION OF TIME

Floyd seeks additional time to file a brief in response to the Respondents' Answer and Brief. (*See* Filing Nos. 143, 144.) The court will grant Floyd's motion and he will have 30 days from the date of this order to file a brief in response. Floyd is reminded that his brief in response should respond to the Respondents' Answer and arguments in their supporting brief, and he "must not submit any other documents unless directed to do so by the court." (Filing No. 128 at CM/ECF p.9.) In other words, Floyd should be mindful to focus his efforts on addressing the issues at hand, not re-litigating objections on which this court has already ruled. Accordingly,

IT IS ORDERED that:

1. Petitioner's Motion for Stay and Abeyance (Filing No. 147) and Motion to Compel (Filing No. 148) are denied.

2. Petitioner's Motion for an Extension of Time (Filing No. 149) is granted. Petitioner shall have until **April 23, 2018**, to file and serve a brief in response to Respondents' Answer and Brief in Support. Petitioner shall submit no other documents unless directed to do so by the court.

3. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a

reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 23, 2018**: check for Petitioner's brief in response to answer and brief.

Dated this 23rd day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge