IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. FLOYD JR., | |
| Petitioner, | 8:13CV195 |
| vs. | |
| SCOTT FRAKES, Director of the Nebraska Department of Correctional Services; and BRAD HANSEN, Warden Tecumseh State Correctional Institution; | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the court on Petitioner William C. Floyd Jr.'s ("Floyd") Motion for Leave to Expand the Record (filing no. 155), and Motion for Extension of Time (filing no. 156). The court will grant in part, and deny in part, Floyd's motion to expand the record but will grant his motion for an extension of time.

## I. MOTION FOR LEAVE TO EXPAND RECORD

Floyd asks the court to expand the record to include several exhibits attached to his motion because "[i]n filing no. 150 [he] is not allowed to attach any exhibits, etc. to [his] response and brief that would support [his] claims and to refute state[']s theories." (Filing No. 155 at CM/ECF p.1.) Floyd asserts that the materials he seeks to include in the record are necessary for him to prove the state impediments that have denied Floyd access to the courts. (*Id*. at CM/ECF pp.1–2.) Further, Floyd asks the court to issue court orders to certain departments and individuals to obtain various documents. (*Id*. at CM/ECF p.3.)

Liberally construed, Floyd seeks (1) to introduce various documents for the court to consider in support of Floyd's brief, which is yet to be filed with the court, and (2) to obtain discovery of the following materials:

- Tecumseh State Correctional Institution ("TSCI") law library sign in/out log sheets for all the days the law librarian, Patty Hughes, was not in the library; "Om's and A.R. for the law library and mail-room";

- TSCI mail-room log sheets for Floyd's out-going legal mail and incoming legal mail;

- Examination by TSCI medical department doctor of Floyd's physical appearance, specifically his "gait of being born pigeon toed";

- "The white copy" of Floyd's TSCI inmate interview request forms regarding his out-going legal mail "that 'Mail-room' keeps";

- "The Omaha Police Department Property & evidence sign in/out log in sheet for evidence pertaining to RB C42275 and the audio/video of the first interview";

- "The Omaha Police Department Property & evidence police reports and supplemental reports to RB A89103 from April 24, 2003";

- "The Omaha Police Department Property & evidence sign in/out log in sheet for property and evidence pertaining to RB A89103";

- Phone records and cell phone tower location information for Shantelle Vickers/Davis' Cricket cell phone on October 7, 2003, up until and during the time of the shooting; and

- Information from the "Omaha Motor Vehicle department" regarding Floyd's eye sight and need for glasses to operate a motor vehicle.

(*Id*. at CM/ECF pp.3–4.)

With respect to Floyd's request to "expand the record"[1] to include the documents attached to his motion, the court will consider the materials to the extent the materials are relevant to his habeas claims and specifically referenced in Floyd's brief. While the court did admonish Floyd that he "must not submit any other documents unless directed to do so by the court," it was not the court's intent to prohibit Floyd from filing supporting materials along with his brief. (*See* Filing No. 150 at CM/ECF p.3.) Rather, the court wanted to emphasize that Floyd "should respond to the Respondents' Answer and arguments in their supporting brief . . . [and] not re-litigat[e] objections on which this court has already ruled." (*Id*.)

While Floyd does not seek to re-litigate a previously denied "objection" here, he does raise a discovery request similar to one that the court rejected in its March 23, 2018 Memorandum and Order. In that order, the court denied Floyd's motion to compel discovery from a third party related to a 911 call and Shantelle Vickers/Davis' cell phone records from October 7, 2003, because he had not been granted leave to conduct discovery and, in any case, had not demonstrated good cause for the discovery sought. (*Id*. at CM/ECF pp.2–3.) For those same reasons, the court will deny Floyd's request for court orders compelling production of the documents listed above. *See Williams v. Steele*, 2013 WL 5838727, at *2 (E.D. Mo. Oct. 30, 2013) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course.") (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)); Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery").

---

[1] Floyd has not objected to the designation of state court records filed by the Respondents and does not seek additional records from the designation pursuant to the procedure set forth in the court's progression order. (*See* Filing No. 128 at CM/ECF p.7.) It appears that Floyd only seeks to introduce additional materials relevant to arguments he proposes to raise in his brief.

## II. MOTION FOR EXTENSION OF TIME

Floyd seeks additional time to file a brief in response to the Respondents' Answer and Brief. ([Filing No. 156](#).) The court will grant Floyd's motion and he will have 30 days from the date of this order to file a brief in response. **No further extensions will be granted absent a showing of good cause**. Again, Floyd is reminded that his brief in response should respond to the Respondents' Answer and arguments in their supporting brief. Accordingly,

IT IS ORDERED that:

1. Petitioner's Motion for Leave to Expand the Record ([filing no. 155](#)) is granted in part and denied in part as set forth in this Memorandum and Order. The court will consider the materials attached to Petitioner's motion to the extent they are relevant to the claims presented in his habeas petition and specifically referenced in any brief Petitioner files.

2. Petitioner's Motion for Extension of Time ([filing no. 156](#)) is granted. Petitioner shall have until **July 26, 2018**, to file and serve a brief in response to Respondents' Answer and Brief in Support. **No further extensions will be granted absent good cause**.

3. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 26, 2018**: check for Petitioner's brief in response to answer and brief.

Dated this 26th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge