IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. FLOYD JR.,<br><br>     Petitioner,<br><br>  vs.<br><br>ROB JEFFREYS, Director of the Nebraska Department of Correctional Services; and SHAUN SETTLES, Warden Tecumseh State Correctional Institution;<br><br>     Respondents. | **8:13CV195**<br><br><br>**MEMORANDUM AND ORDER** |

This closed habeas case is before the Court on Petitioner's Motion for Production of Documents under NECrimR 17.2(b),[1] which the Court liberally construes as a motion for copies, Filing No. 217, and Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 218. Because Petitioner previously was granted leave to proceed in forma pauperis, Filing No. 5, and this case is closed, Petitioner's IFP Motion is denied as moot. For the reasons that follow, Petitioner's motion for copies will be denied.

In his motion for copies, Petitioner asks the Court to provide him with a free copy of Filing No. 147, which is Petitioner's Motion for Stay and Abeyance filed on March 12, 2018. Petitioner states he mailed exhibits with Filing No. 147 regarding "911 phone call transcripts and a computer printout of two 911 phone calls," and Petitioner seeks those records because he has a telecommunications and cell phone expert who can provide an affidavit regarding the "state star witness[']" location during the time of the events underlying Petitioner's conviction. Filing No. 217 at 1 (spelling corrected). Petitioner

---

[1] NECrimR 17.2(b), which applies to motions for subpoenas to produce documents before trial or an evidentiary proceeding, is inapplicable here as this is a civil habeas proceeding.

states he has been unable to obtain these records from other sources and he "is unable to pay the $181 dollars to obtain this filing." *Id*. The Clerk's office had previously informed Petitioner, in response to his inquiry, that Filing No. 147 consisted of 362 pages and a copy would cost $181.00. Filing No. 215 at 3.

The Court must address some discrepancies before ruling on Petitioner's request. First, the Clerk's office mistakenly quoted the incorrect number of pages and cost of a copy for Filing No. 147. The Motion for Stay at Filing No. 147 consists only of 23 pages for a total cost of $11.50 at $.50 per page. Second, the records that Petitioner seeks— the 911 phone call transcripts and computer printout of two 911 calls—are not included in Filing No. 147.[2] Rather, it appears the records Petitioner seeks are included with his Motion to File a Third Expansion of Record filed on October 15, 2018, at Filing No. 166. Filing No. 166 consists of 88 pages total with multiple exhibits attached, including Exhibits 581 and 582, which are a two-page print out titled "Douglas County Communications Incident Report" on the first page and lists Incident Numbers FOF031007024554 and LOP031007256811 on the second page, Filing No. 166 at 6–7, and Exhibit 583, which is an 11-page supplemental police report containing the transcript of "the 911 call made for the homicide of Destiny Davis," Filing No. 166 at 8–18.

Given these discrepancies between Petitioner's request and what it is he actually wants, the Court is not inclined to grant his request for a free copy of Filing No. 147. Even if the Court liberally construed Petitioner's motion as seeking copies of the relevant

---

[2] Eight exhibits are attached to Petitioner's 12-page handwritten Motion for Stay consisting of: (1) Petitioner's affidavit dated March 28, 2012; (2) a notice about the role of prison librarians and legal aides; (3) Petitioner's letter to the Omaha Police Department ("OPD") dated September 8, 2017; (4) a letter to Petitioner from the OPD dated September 15, 2017; (5) Petitioner's September 22, 2017, letter to the Douglas County 911 Center; (6) Petitioner's October 18, 2017, letter to the Douglas County 911 Center; (7) Petitioner's November 1, 2017, letter to Douglas County Attorney Donald Kleine; and (8) an October 25, 2017, response to Petitioner from Douglas County 911. Filing No. 147.

documents contained within Filing No. 166, Petitioner is not entitled to free copies of those documents as a matter of course.

Pursuant to 28 U.S.C. § 2250,

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application *is pending*.

28 U.S.C. § 2250 (emphasis added).  As indicated above, Petitioner was granted leave to proceed IFP in this habeas case, but his application for a writ of habeas corpus is not currently pending.   Indeed, his petition was denied and dismissed with prejudice on September 16, 2019, Filing No. 199; Filing No. 200, and his appeal concluded on January 19, 2021, Filing No. 212.   Thus, there is no statutory basis upon which the Court may order the Clerk of the Court to provide Petitioner with free copies of the records he seeks in this closed case.  *See United States v. Newsome*, 257 F. Supp. 201, 203 (N.D. Ga. 1966) (prerequisites to granting request for copies of documents without payment under § 2250 include "[t]he pendency of a writ of habeas corpus or § 2255 proceeding"); *Nunn v. Humphrey*, 80 F. Supp. 856, 857 (M.D. Pa. 1948) (denying in forma pauperis blanket request for copies of records in closed habeas case because section 2250 did not apply "since final action dismissing the writ has been had in this Court").  Petitioner also has not clearly demonstrated a need for copies of the document he seeks as this case is closed. *See Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion

of the court. Congress did not intend that documents should be furnished without a showing of need.").

Moreover, as Petitioner wants only to obtain the 911 records to which he refers, he has not demonstrated that he is unable to pay for copies of those records.  If Petitioner seeks only the relevant pages of Filing No. 166 containing the records, *see* Filing No. 166 at 6–18, the number of pages totals 13, which, at $.50 a page, would cost $6.50.  If Petitioner wants a copy of all 88 pages of Filing No. 166, the cost would be $44.00. Petitioner's IFP Motion and accompanying prisoner trust account statement show regular monthly income ranging from $23.00 to $50.00.  Filing No. 218; Filing No. 219.

Based on the foregoing, the Court finds Petitioner has failed to show he is entitled to a free copy of Filing No. 147 or any other records he seeks.  Accordingly,

IT IS ORDERED that:

1.      Petitioner's Motion for Production of Documents, construed as a motion for copies, Filing No. 217, is denied.

2.      Petitioner's Motion for Leave to Proceed IFP, Filing No. 218, is denied as moot.

Dated this 22nd day of May, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge